**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1085**

JAIRO FERINO SANCHEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: August 27, 2019                       Decided: August 30, 2019

Before MOTZ, DIAZ, and RUSHING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Benjamin G. Messer, Tamara L. Jezic, Ivan Yacub, YACUB LAW OFFICES, Woodbridge, Virginia, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Emily Anne Radford, Assistant Director, Kohsei Ugumori, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jairo Ferino Sanchez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (Board) denying his motion to terminate removal proceedings in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018) (holding that notice to appear (NTA) that does not designate time and place of removal proceedings, as directed under 8 U.S.C. § 1229(a) (2012), does not trigger stop-time rule in determining alien's years of continuous presence). We deny the petition for review.

We review the Board's legal determinations de novo. *Barnes v. Holder*, 625 F.3d 801, 803 (4th Cir. 2010). Here, the Board rejected Sanchez's argument that his NTA, issued in 2009, did not vest jurisdiction with the immigration judge (IJ) because it did not indicate the date and time for the initial hearing.

We recently rejected Sanchez's basic claim in *United States v. Cortez*, 930 F.3d 350 (4th Cir. 2019). We held that "the failure of the notice to appear filed with the immigration court to include a date and time for [the] removal hearing [] does not implicate the immigration court's adjudicatory authority or jurisdiction." *Id*. at 358 (internal quotation marks omitted). We observed that the IJ's authority to conduct removal proceedings stems from 8 U.S.C. § 1229a(a)(1) (2012) ("[a]n immigration judge shall conduct proceedings for deciding the inadmissibility or deportability of an alien"), and "nothing about that broad and mandatory grant of adjudicatory authority is made contingent on compliance with rules governing notices to appear, whether statutory, *see* 8 U.S.C. § 1229(a), or regulatory, *see* 8 C.F.R. § 1003.18(b) [(2019)]." *Cortez*, 930 F.3d at 360 (parenthetical and citation omitted). We further observed that there is no indication that 8 C.F.R. § 1003.14(a) (2019)

2

"was intended to implement some statutory provision giving the Attorney General the authority to adopt rules of jurisdictional dimension." *Id.* (internal quotation marks omitted). We noted that 8 C.F.R. § 1003.14 is "focused not on the immigration court's fundamental power to act but rather on requiring that the parties take certain procedural steps at certain specific times, making it a claim-processing rule rather than a genuine jurisdictional requirement." *Id.* at 361 (internal quotation marks omitted).

Sanchez's contention that the IJ and Board lacked jurisdiction over his removal proceedings is without merit. Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*